IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

THE ARC MARYLAND                          )
8601 Robert Fulton Dr. Suite 140          )
Columbia, MD 21046                        )
Howard County                             )
                                          )
PLAINTIFF.                                )          Civil No. _____
                                          )
                                          )
v.                                        )
                                          )
                                          )
MAYOR AND CITY COUNCIL OF                 )
BALTIMORE CITY,                           )
City Hall - Room 250                      )
100 N. Holliday St                        )
Baltimore, MD 21202                       )
                                          )
CARROLL COUNTY,                           )
225 N Center St # 308                     )
Westminster, MD 21157                     )
                                          )
GARRETT COUNTY,                           )
203 South Fourth Street - Room 207        )
Oakland, Maryland 21550                   )
                                          )
QUEEN ANNE'S COUNTY,                      )
107 N Liberty Street                      )
Centreville, MD 21617                     )
                                          )
SOMERSET COUNTY,                          )
County Office Complex                     )
11916 Somerset Ave.                       )
Princess Anne, MD 21853                   )
                                          )
and                                       )
                                          )
TALBOT COUNTY,                            )
Talbot County Courthouse                  )
11 North Washington St.                   )
Easton, MD 21601                          )

DEFENDANTS.                                      )
                                                 )
                                                 )
Serve on:                                        )
                                                 )
Jim Shea                                         )
City Solicitor                                   )
Baltimore City Law Department                    )
100 N. Holliday Street                           )
City Hall                                        )
Baltimore, MD 21202                              )
Attorney for Defendant Mayor and                 )
City Council of Baltimore                        )
                                                 )
Timothy C. Burke                                 )
County Attorney                                  )
Department of the County Attorney                )
225 North Center Street, Ste 303                 )
Westminster, MD 21157-5108                       )
Attorney for Defendant Carroll County            )
                                                 )
Gorman E. Getty III, Esq.                        )
County Attorney                                  )
203 South Fourth Street - Room 207               )
Oakland, Maryland 21550                          )
Attorney for Defendant Garrett County            )
                                                 )
Patrick E. Thompson, Esq.                        )
County Attorney                                  )
107 North Liberty Street                         )
Centreville, MD 21617                            )
Attorney for Defendant Queen Anne's County       )
                                                 )
Kirk G. Simpkins, Esq.                           )
County Attorney                                  )
P.O. Box 550                                     )
11793 Somerset Ave.                              )
Attorney for Defendant Somerset County           )
                                                 )
Anthony P. Kupersmith, Esq.                      )
County Attorney                                  )
Courthouse, South Wing                           )
11 North Washington St.                          )
Easton, MD 21601                                 )
Attorney for Defendant Talbot County             )
                                                 )

**COMPLAINT FOR IMMEDIATE AND PERMANENT INJUNCTIVE AND
DECLARATORY RELIEF AND REQUEST FOR TEMPORARY RESTRAINING
ORDER**

## I.       INTRODUCTION

1. Plaintiff brings this action and seeks immediate relief to protect people with intellectual and
   developmental disabilities ("I/DD") in the named Defendant Counties and Baltimore City
   from harm, severe health injury, and potential death.

2. The COVID-19 pandemic has infiltrated all of Defendants' jurisdictions. Maryland has
   experienced a total of 387,319 cases and the virus has claimed 7,773 lives as of March 7,
   2021.

3. People with I/DD face heightened risk of serious illness and death from COVID-19.[1]
   Mortality rates amongst people with I/DD are 100% to 200% higher than people without
   I/DD.[2]

4. COVID-19 vaccines provide protection from severe illness, hospitalization, and death. By
   Executive Order, Maryland's vaccination plan ("Plan") directs vaccine administration with
   priority for the most critical populations. The Plan is composed of five phases, with Phase 1
   being the highest in priority. Acknowledging the serious and heightened risk people with

---

[1] Turk, et. al., *Intellectual and Developmental Disability and COVID-19 Case-Fatality Trends: TriNetX Analysis,*
DISABILITY HEALTH J 13(3): 100942 (May 24, 2020) (last visited Mar. 5, 2021) *available at*
https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7245650/. *See also Are AAC Users at Greater Risk of Dying from
COVID?,* COMMUNICATIONFIRST, https://communicationfirst.org/are-aac-users-at-greater-risk-of-dying-from-
covid/ (last visited Mar. 5, 2021) (reviewing nine studies published between May and December 2020 and finding
that people with intellectual or developmental disabilities are between 1.7 and 16 times more likely to die from
COVID if they get it than those who do not have I/DD) (last visited Mar. 7, 2021).
[2] Turk, et. al., *Intellectual and Developmental Disability and COVID-19 Case-Fatality Trends: TriNetX Analysis,*
DISABILITY HEALTH J 2020 JUL; 13(3): 100942 (May 24, 2020) (last visited Mar. 7, 2021) *available at*
https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7245650/.

I/DD face from COVID-19, Maryland's Plan places them in Phase 1B. The State requires

Defendants to follow this plan.[3] Maryland entered Phase 1B on January 18, 2021.

5.  Plaintiff, The Arc Maryland, is a 501(c)(3) charitable organization dedicated to protecting and

advancing the rights of people with I/DD across the state of Maryland. Plaintiff represents

Marylanders with I/DD in Defendants' jurisdictions who are eligible to receive the vaccine

but, due to Defendants' discriminatory acts and omissions, are excluded from opportunities

for vaccine services and programs as detailed herein.

6.  Defendants are five Maryland counties and Baltimore City that administer vaccine services

and programs. Defendants each operate websites that inform the public who is eligible for

vaccines according to the State's explicit priority phases. Defendants' websites thus provide

a gateway for people to learn about their vaccine priority status and obtain vaccines.

7.  Defendants' public information and websites *omit* people with I/DD as eligible for the

vaccine in Phase 1B, contrary to the State Plan. Defendants also offer pre-registration,

registration, interest forms, or telephone contact information, through which *eligible* persons

can connect with Defendants to indicate their availability for vaccination appointments.

Defendants' conduct prevents people with I/DD from being able to schedule an appointment

for vaccination.

8.  The resulting harm is evident: People with I/DD are not aware that they are eligible for the

vaccine; are unable to schedule appointments, register, pre-register, or complete interest

forms for Defendants' vaccines; and are delayed or denied access to critical health care

services.

---

[3] Maryland Department of Health, *Amended Directive & Order Regarding Vaccination Matters*, No. MDH 2021-02-04-01, available at https://phpa.health.maryland.gov/Documents/2021.02.04.01%20-%20MDH%20Order-%20Amended%20Vaccination%20Matters%20(Additional%20Covered%20Persons).pdf (last visited Mar. 5, 2021).

9. People with I/DD have spent the past year in fear due to a disease that targets them for higher rates of serious illness and death. While they should feel some comfort from their priority status under the State Plan, they are instead subject to continued fear and risk of serious harm, including death, due to Defendants' discriminatory actions. It is these actions Plaintiff asks this Court to immediately and permanently enjoin.

10. Title II of the Americans with Disabilities Act (ADA) provides that a qualified person with a disability shall not "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. 12132. Similarly, Section 504 of the Rehabilitation Act of 1973 requires that recipients of federal funding do not exclude a qualified individual with a disability on the basis of disability from participation in, the benefits of, or be subject to discrimination under any "program or activities receiving Federal financial assistance." 29 U.S.C. 794(a). Defendants' actions and omissions violate the obligations of our nation's civil rights laws.

11. This action seeks to protect the health and lives of people with I/DD. People with I/DD will continue to suffer immediate, substantial, and irreparable harm unless Defendants' actions are enjoined.

## II. JURISDICTION AND VENUE

12. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 & 1343(a) and because the claims arise under federal law.

13. This Court has jurisdiction over Plaintiffs' request for declaratory judgment pursuant to 28 U.S.C. § 2201.

14. Venue of this action properly lies in the District of Maryland, pursuant to 28 U.S.C. §1391 (B)(2). All claims arise in Maryland. Venue is proper in the Northern Division as all of the Defendants and Plaintiff 's place of business are in this Division.

### III. PARTIES

15. Plaintiff, The Arc Maryland, is a 501(c)(3) charitable organization whose primary office is located in Columbia, Maryland. The Arc Maryland was established in 1960 to advance the rights of Marylanders with I/DD. The Arc Maryland brings this action on behalf of its constituents, consistent with the well-established practice of advocacy organizations' possessing associational standing to vindicate the rights of its members, who, as qualified individuals with disabilities, have standing to sue in their own right. The relief requested in this matter is injunctive and does not require the participation of individual members. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 344 (1977*); Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167 (2000). In the alternative, The Arc Maryland has standing in its own right to bring these claims.

    a.    The Arc Maryland serves all Marylanders with I/DD directly and through ten local chapters included in its federated network. The local chapters are in each of Defendant's jurisdictions. The Arc Maryland has over 8,000 members, including members in each of Defendants' jurisdictions. Through its advocacy and local affiliates, The Arc Maryland provides direct supports to over 6,250 people with I/DD who are in receipt of services from the Maryland Department of Health, Developmental Disabilities Administration.

    b.    The Arc Maryland sets its priorities through consultation with its affiliates, its members, and people with I/DD and their families. Staff and the Board of The

Arc Maryland include people with I/DD who help set and shape agency priorities.
The Arc Maryland regularly collaborates with People on the Go, a self-advocacy
organization of individuals with I/DD, originally housed within The Arc
Maryland, to identify advocacy issues and priorities. The Arc Maryland also holds
listening sessions statewide to learn about people with I/DD's interests and
concerns. The Executive Director of The Arc Maryland has met regularly with a
group of people with disabilities, including I/DD, who share their frustrations
over barriers to accessing adequate information and access to vaccines. Direct
collaboration with people with disabilities informs the work of The Arc Maryland.

c.     The Arc Maryland's mission is to create "a world where children and adults with
I/DD have equal rights and opportunities".[4] Supporting the rights of people with
I/DD to receive equal treatment and opportunities has been a priority for The Arc
Maryland throughout its history. Ensuring that people with I/DD have equal rights
and access to services and programs, including during the COVID-19 pandemic,
is germane to The Arc Maryland's purpose.

d.     Protecting people with I/DD from the consequences of COVID-19 has consumed
Plaintiffs' advocacy efforts this past year. Plaintiff has spent and continues to
spend considerable time and resources on assisting persons with I/DD, including
those that serve them, to cope with the ravages of the COVID-19. Plaintiff
successfully advocated for people with I/DD to be prioritized in Phase 1B of
vaccination due to their high risk of experiencing serious illness and death from
COVID-19. Plaintiff then began receiving complaints from its members with

---

[4] *Our Mission and Core Values*, THE ARC MARYLAND, available at http://www.thearcmd.org/our-mission-core-values/ (last visited Mar. 7, 2021).

I/DD indicating that, despite prioritization under the State Plan, they were unable to obtain access to vaccines from their local county health departments. Thus, Plaintiff undertook a review of information about vaccine eligibility for each county and Baltimore City in Maryland. The Arc Maryland noted how and where Defendants deny people with I/DD opportunities and services. Plaintiff then advocated publicly through grassroots channels for changes in Defendants' policies and practices. Plaintiff included its analysis in its newsletter, which contains "Action Alerts" promoting direct advocacy to Defendants to secure changes to their websites, which exclude people with I/DD from being recognized as eligible for vaccines in Phase 1B.  The Arc Maryland has sent these newsletters calling for proper vaccine prioritization since January 29, 2021.

e.     The Arc Maryland is dedicated to promoting the rights of people with I/DD and to ensuring the safety and viability of community services and supports for people with I/DD. The Arc Maryland has received complaints from persons with I/DD who have encountered barriers to obtaining vaccines through their local governments, and confusion as to their eligibility for vaccine services and benefits. The Defendants' discrimination against people with I/DD has frustrated The Arc Maryland's mission of ensuring people with I/DD have equal access and opportunities to community services, programs, and supports. (Plaintiff's Exhibit 9).

f.     Plaintiff has standing to bring this action seeking compliance with the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act. (*Chapman v. Pier 1 Imps. (U.S.), Inc.,* 631 F.3d 939, 946 (9th Cir. 2011) ("Given these

principles, we are also mindful that the 'Supreme Court has instructed us to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'" *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209, 93 S. Ct. 364, 34 L. Ed. 2d 415 (1972))). See also *Nat'l Fedn. of the Blind of Cal. v. Uber Techs., Inc.*, 103 F. Supp. 3d 1073, 1077 (N.D. Cal 2015) ("When private enforcement suits "are the primary method of obtaining compliance" with a civil rights act, such as the ADA, courts must take a "broad view of constitutional standing.").

16. Defendant Mayor and City Council of Baltimore City, Maryland, including its respective departments, agencies, and other instrumentalities, is a unit of local government in the State of Maryland, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35.  Defendant Mayor and City Council of Baltimore City is a recipient of federal funds within the meaning of 29 U.S.C. § 794 and is therefore subject to Section 504 of the Rehabilitation Act of 1973, as amended and its implementing regulations.

17. Defendant Carroll County, Maryland, including its respective departments, agencies, and other instrumentalities, is a unit of local government in the State of Maryland, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35. Defendant Carroll County is a recipient of federal funds within the

meaning of 29 U.S.C. § 794 and is therefore subject to Section 504 of the Rehabilitation Act of 1973, as amended and its implementing regulations.

18. Defendant Garrett County, Maryland including its respective departments, agencies, and other instrumentalities, is a unit of local government in the State of Maryland, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35.  Defendant Garrett County is a recipient of federal funds within the meaning of 29 U.S.C. § 794 and is therefore subject to Section 504 of the Rehabilitation Act of 1973, as amended and its implementing regulations.

19. Defendant Queen Anne's County, Maryland, including its respective departments, agencies, and other instrumentalities, is a unit of local government in the State of Maryland, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35. Defendant Queen Anne's County is a recipient of federal funds within the meaning of 29 U.S.C. § 794 and is therefore subject to Section 504 of the Rehabilitation Act of 1973, as amended and its implementing regulations.

20. Defendant Somerset County, Maryland, including its respective departments, agencies, and other instrumentalities, is a unit of local government in the State of Maryland, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35.  Defendant Somerset County is a recipient of federal funds within the meaning of 29 U.S.C. § 794 and is therefore subject to Section 504 of the Rehabilitation Act of 1973, as amended and its implementing regulations.

21. Defendant Talbot County, Maryland, including its respective departments, agencies, and other instrumentalities, is a unit of local government in the State of Maryland, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35. Defendant Talbot County is a recipient of federal funds within the meaning of 29 U.S.C. § 794 and is therefore subject to Section 504 of the Rehabilitation Act of 1973, as amended and its implementing regulations.

### IV. STATEMENT OF FACTS

22. People with I/DD are individuals with disabilities under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973, as amended, as they have disabilities that substantially impair a major life activity. 42 U.S.C. § 12102(2)(A). 29 U.S.C. §§ 794, 705(20).

23. Persons with I/DD are qualified individuals for purposes of this action as they qualify for vaccine prioritization under Phase 1B of the State vaccination plan. The State has identified people with I/DD as a priority for vaccination to protect against their health vulnerability and potential for severe consequences from COVID-19.

24. In order to receive vaccines from the federal government, states must submit a vaccination plan ("Plan") outlining how they will prioritize those most vulnerable to serious illness and death from COVID-19. Under Maryland's vaccination plan (Plan), implemented pursuant to an Executive Order and compulsory upon Defendants, Phase 1 is the highest priority phase. Phase 1 is comprised of three subphases: Phase 1A - 1C. Phase 1A includes primarily health care workers and persons in nursing facilities.

25. The Arc Maryland worked hard to ensure people with I/DD were prioritized in the first phases of vaccination due to their risk of serious illness and death from COVID-19. After advocating for this change through numerous channels, including the Maryland Department of Health, Department of Disabilities, the Governor, and the General Assembly, people with I/DD were placed in Phase 1B, the second phase of vaccination. Phase 1B includes people with intellectual and developmental disabilities (I/DD); people 75 years and older; people in assisted living, independent living, developmental disabilities or behavioral health group homes, and other congregate living facilities; high-risk incarcerated individuals; continuity of government; and teachers and childcare providers. People in Phase 1B have been eligible to receive the vaccine since January 18, 2021. Phase 1C includes people ages 65-74 and certain essential workers. Maryland entered into Phase 1C on January 25, 2021 and is currently in this phase.[5]

26. The Maryland Department of Health posts information about its vaccine plan ("Plan") on its website. The website includes a graphic outlining the COVID-19 vaccine priority groups and explains those eligible in each group. The first group listed in the explanation of those eligible in Phase 1B is "individuals with intellectual and developmental disabilities".[6]

27. Pursuant to an order from the Maryland Department of Health, "Any individual may receive a vaccine at any time, provided that their priority group has been identified as eligible and an appointment is available at a vaccine clinic".[7] The Maryland Department of Health made

---

[5] *Maryland COVID-19 Priority Groups,* MARYLAND DEPARTMENT OF HEALTH, (updated February 10, 2021), available at https://covidlink.maryland.gov/content/wp-content/uploads/2021/03/covidLINK_VaxDistribution_PDF_web_508.pdf (last visited Mar. 7, 2021).
[6] Plaintiff's Exhibit 7. *Maryland COVID-19 Priority Groups,* MARYLAND DEPARTMENT OF HEALTH, available at https://covidlink.maryland.gov/content/vaccine/ (last visited Mar. 7, 2021).
[7] Maryland Department of Health, *Amended Directive & Order Regarding Vaccination Matters*, No. MDH 2021-02-04-01, available at https://phpa.health.maryland.gov/Documents/2021.02.04.01%20-%20MDH%20Order-%20Amended%20Vaccination%20Matters%20(Additional%20Covered%20Persons).pdf (last visited Mar. 5, 2021).

clear in its January 25, 2021 press release announcing that the state was moving into Phase 1C that "vaccine eligibility does not expire, and all Marylanders who were eligible under Phase 1A and 1B remain eligible…"[8] There is no doubt that persons with I/DD remain eligible and have a priority for the vaccine.

28. The federal government provides states with allocations of vaccines, which the state then distributes, including to Defendants. Defendants then offer vaccinations within their jurisdictions. To receive a vaccine from Defendants, a person needs to register and/or schedule an appointment with their local county health department.

29. The matter at issue in this case is that Defendants **exclude** people with I/DD from eligibility when Defendants' identify who is eligible to receive a vaccine in Phase 1B. Each of the Defendants' provide information on their County and City websites identifying who is eligible in various vaccination phases and each Defendant omits identification of those with I/DD as eligible in Phase 1B. In fact, each Defendant omits people with I/DD from being identified in any priority category- they are altogether excluded.

30. The harm to Plaintiffs from being screened out of eligibility includes that they may not apply for vaccines from Defendants or from other vaccination sites since, according to Defendants, their I/DD disability is in essence shut out from Phase 1B.

31. Defendant's acts and omissions limiting the access of people with I/DD's access to vaccine is described below:

   a.   Mayor and City Council of Baltimore provides vaccine information services on its website. The information for Phase 1B eligibility excludes individuals with I/DD. The

---

[8] Maryland moves into Phase 1C of its COVID-19 vaccine distribution plan, opens eligibility up to all residents 65 and up, MARYLAND DEPARTMENT OF HEALTH (Jan. 25, 2021), available at https://health.maryland.gov/newsroom/Pages/Maryland-moves-into-Phase-1C-of-its-COVID-19-vaccine-distribution-plan,-opens-eligibility-to-all-residents-65-and-up.aspx (last visited Mar. 5, 2021).

website states that Phase 1B includes: adults 75 years and older, people experiencing homelessness, shelter staff and residents, high-risk incarcerated individuals, those in group home settings, the educational sector, child care workers, and continuity of government.[9] The Baltimore City webpage provides vaccine registration links, but cautions that the links are solely available for persons in Phase 1A or 1B categories. Defendant emphasizes its instructions by noting that if individuals who are not among those it identifies in Phase 1A and 1B attempt to obtain a vaccine, they are taking away appointment slots from individuals that need to be prioritized.[10] Defendant Mayor and City Council of Baltimore thus excludes persons with I/DD from its programs and services and prevents them from gaining access to vaccines. (Plaintiff's Exhibit 1).

b.  Defendant Carroll County provides vaccine information services on its website. A graphic entitled "Phases of Vaccination" shows that Phase 1B eligibility only applies to those in assisted living or other congregate settings, adults age 75 and older, and those in education and continuity of government.[11] Defendants exclude those with I/DD among the list of persons eligible in Phase 1B and in any other phase. A visitor to the Carroll County Health Department website would not find out that those with I/DD are indeed part of the Phase 1B priority group. On its vaccine information website, Carroll County directs individuals in certain categories to complete a COVID-19 vaccination interest form. Conspicuously, the website leaves out directions for those with I/DD to complete the interest form. Furthermore, none of the available interest forms inquire as to whether

---

[9] Plaintiff's Exhibit 1. *COVID-19 Vaccine Information: Priority Groups 1A, 1B and 1C,* BALTIMORE CITY GOVERNMENT, available at https://coronavirus.baltimorecity.gov/COVID-19-vaccine-information/priority-group-1a (last visited Mar. 7, 2021).

[10] Id.

[11] Plaintiff's Exhibit 2. *COVID-19 Vaccine,* CARROLL COUNTY HEALTH DEPARTMENT, available athttps://cchd.maryland.gov/COVID-19-vaccination/, (last visited on Mar. 7, 2021).

an individual has I/DD, excluding identification of those with I/DD for consideration for a vaccine. (Plaintiff's Exhibit 2).

c.   Defendant Garrett County also provides vital information about the coronavirus and the vaccine on its website. The County Health Department website provides an information graphic to describe who is eligible in various phases of the vaccine plan. The website excludes persons with I/DD from its list of those eligible for the vaccine under Phase 1B.[12]  The graphic indicates that Phase 1B offers vaccination eligibility to those in assisted living and congregate settings, adults age 75 and older, and education and continuity of government.[13]  Persons with I/DD are omitted altogether. The website also states that when appointments are available a registration link is present at the top of the website homepage for individuals *who are eligible*. The website further informs that individuals who are unable to register online *and are eligible* under current guidelines can call the County COVID-19 hotline.  (Emphasis added.) (Plaintiff's Exhibit 3).

d.   Defendant Queen Anne's County operates a website providing information about the COVID-19 vaccine. The website notes who is eligible for vaccine appointments in Phase 1A and 1B and states that the County is only offering vaccines to those individuals eligible in Phase 1A or 1B. The listing of those eligible in Phase 1B excludes people with I/DD and omits people with I/DD in group homes, contrary to the State's Plan. Defendant also has a vaccine interest registration form on its website. Defendant's website states: "As we prepare to move forward with Vaccinations in Queen Anne's County, we have established an interest form. Please fill out the form completely and when we move on to

---

[12] Plaintiff's Exhibit 3. *COVID-19 Information,* GARRETT COUNTY HEALTH DEPARTMENT, available at https://garretthealth.org/covid-19-information/, (last visited on Mar. 7, 2021).
[13] Id.

the group you fall in, we will reach out by the contact information you provide."[14] Thus, information on the website instructs that individuals should fill out the form as a prerequisite to being contacted by the county to schedule a vaccine appointment. The website, however, also states that individuals should **not** try to reserve an appointment for a vaccine if they are not in the Phase 1A or 1B listed eligibility categories, which omits people with I/DD. The County registration form has drop-down menus for the user to demonstrate their condition or situation qualifying them for eligibility. "I/DD" is not an option on the drop-down menu. Defendants' registration form also omits persons with I/DD living in group homes, a priority of the state Plan to protect such persons with disabilities from contracting and suffering from the heightened risks presented to these populations from the coronavirus in congregate settings. (Plaintiff's Exhibit 4, 8).

e. Defendant Somerset County's vaccination information website similarly excludes persons with I/DD from its criteria of those eligible under Phase 1B. The website presents a graphic showing that Phase 1B extends vaccination eligibility to assisted living, other congregate settings, adults age 75 and older, education and continuity of government.[15] Along with the information presented in the graphic, the website tells viewers that if they are in Phase 1B, based on the criteria outlined in the information graphic, they may contact Somerset County by email.[16] Somerset County does not indicate that those with I/DD are permitted to request vaccinations from Defendants as are others in Phase 1B. Despite explicit directions from the State of Maryland that people with I/DD are eligible

---

[14] Plaintiff's Exhibit 4, 8. *COVID-19 Vaccination Information,* QUEEN ANNE'S COUNTY , available at https://www.qac.org/1460/COVID-19-Vaccination-Info (last visited on Mar. 7, 2021).
[15] Plaintiff's Exhibit 5. *Coronavirus (COVID-19),* SOMERSET COUNTY HEALTH DEPARTMENT, available at https://somersethealth.org/community-health-services/coronavirus-COVID-19/ (last visited on Mar. 7, 2021).
[16] Id.

for the vaccine as part of Phase 1B, Defendant Somerset County excludes such

individuals. (Plaintiff's Exhibit 5).

f.   Defendant Talbot County operates a website with information about COVID-19,

including information about vaccines. Talbot County's website states that the County is

currently in Phase 1B, which it identifies to include "those aged 75 and older, those in

education (K-12) and child care, those in congregate housing facilities, those in

continuity of government."[17] The identification of those eligible for vaccines in Phase 1B

excludes mention of those with I/DD. The Talbot County website emphasizes those

eligible for vaccines by providing a graphic, which also excludes those with I/DD from

being listed in Phase 1B.[18]  Talbot County also excludes persons with I/DD from pre-

registering for the vaccine. (Plaintiff's Exhibit 6).

32. Studies have shown that people with I/DD face disproportionately higher risk of

complications and death from COVID-19.[19] They often rely on and cannot socially distance

themselves from direct support staff who come into their homes to provide hands on

assistance with basic everyday activities like bathing and grooming. People with I/DD's

health and safety continue to be in imminent jeopardy from COVID-19.

33. COVID-19 vaccines provide immunity against COVID-19, with over eighty-five percent

efficacy. Access to the vaccines prevents serious health complications and saves lives.

---

[17] Plaintiff's Exhibit 6. *Coronavirus Information (COVID-19),* TALBOT COUNTY , available at
https://health.maryland.gov/talbotcounty/Pages/Covid-Info.aspx (last visited on Mar. 7, 2021).
[18] Id. .
[19] *COVID-19 Support Guidelines for Individuals with IDD During the Pandemic*, AMERICAN ACADEMY OF
DEVELOPMENTAL MEDICINE & DENTISTRY (July 2020), available at
https://static1.squarespace.com/static/5cf7d27396d7760001307a44/t/5f16512e8f88d259900766f5/1595298102002/
COVID-Support-Guidelines.pdf; *see also* Turk, et. al., *Intellectual and Developmental Disability and COVID-19
Case-Fatality Trends: TriNetX Analysis,* DISABILITY HEALTH J 13(3): 100942 (May 24, 2020) (last visited Mar. 5,
2021), available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7245650/; Landes, et. al., *COVID-19 outcomes
among people with intellectual and developmental disability living in residential group homes in New York State*,
DISABILITY HEALTH J (OCT. 4, 2020), available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7311922/.

34. As a direct and proximate result of Defendants' actions, omissions, and violations alleged above, Plaintiffs have suffered and continue to suffer harm.

35. The failure of Defendants to properly identify persons with I/DD as eligible for the COVID-19 vaccine in Phase 1B has immediate, dangerous, and potentially fatal consequences given the established risk of harm persons with I/DD face.

36. In enacting the ADA, Congress acknowledged that disability-based discrimination was not limited to intentional discrimination based on prejudice or animus. *See* S. Rep. No. 101-116, at 6-7, 11 (1989); H.R. Rep. No. 101-485, pt. 2, at 29 (1990), *reprinted in*, 1990 U.S.C.C.A.N. 303, 310-11. *See also Alexander v. Choate*, 469 U.S. 287, 295-97 (1985) (recognizing thoughtlessness, indifference, and benign neglect as key reasons for disability-based discrimination; holding that "discrimination by effect as well as by design" is actionable under the Rehabilitation Act; and indicating that removal of simple architectural barriers is appropriate to rectify harm resulting from actions that have a discriminatory effect). Defendants' acts and omissions need not be intentional to constitute discrimination under our federal civil rights statutes.

37. Plaintiff comes to ask this Court to immediately and permanently enjoin Defendants' discriminatory actions. Plaintiffs do not seek to be prioritized ahead of others who are eligible and are waiting for vaccines, although a remedial order would not be unjust. Instead, Plaintiff seeks to have equal access to Defendants' vaccine program, services, and benefits.

## V. CAUSES OF ACTION

### A. Title II of the Americans with Disabilities Act

38. The allegations of the foregoing paragraphs are incorporated by reference as if fully stated herein.

39.  Title II of the Americans with Disabilities Act (ADA) prohibits discrimination on the basis of disability in the provision of all programs, activities, and services of state and local governmental entities.

40. The ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

41. Defendants, including their respective departments, agencies, and other instrumentalities, are units of local government in the State of Maryland, and are a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104, and are therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35.

42. The ADA's implementing regulations were promulgated by the United States Department of Justice, 28 C.F.R. § 35.101 *et seq.*

43. Defendants exclude qualified individuals with I/DD from receiving the benefits of the County's programs, services or activities, and subjects them to discrimination, on the basis of disability, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. Part 35, by, including but not limited to:

   a.  denying individuals with I/DD the opportunity to receive notice and benefits from the County's COVID-19 informational services, in violation of 28 C.F.R. § 35.130(b)(1)(i);

   b.  affording individuals with I/DD who are eligible for vaccine prioritization under Phase 1B, information, services, and benefits that are not equal to that afforded to

other individuals who are eligible for vaccine prioritization in Phase 1B in violation of 28 C.F.R. § 35.130(b)(1)(ii);

c. using methods of administration that either in effect discriminate on the basis of disability or defeat or substantially impair accomplishment of the objectives of the State vaccination plan 28 C.F.R. § 35.130(b)(3)(i)(ii)(iii);

d. applying eligibility criteria that screen out or tend to screen out individuals with I/DD from the vaccination plan, 28 C.F.R. § 35.130(b)(8);

e. perpetuating discrimination or otherwise limiting a person with I/DD from enjoying an opportunity, privilege, or advantage enjoyed by others receiving the aid, benefit or service, 28 C.F.R. § 35.130(b)(1)(v),(vii).

44. Defendants' actions present an ongoing and continuous violation of the ADA and its supporting regulations and continues to inflict irreparable harm.

45. The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities. 42 U.S.C. § 12188(a)(1).

46. Plaintiffs are entitled to injunctive relief to prevent continued violation of the ADA.

**B. Section 504 of the Rehabilitation Act of 1973.**

47. The allegations of the foregoing paragraphs are incorporated by reference as if fully stated herein.

48. Section 504 of the Rehabilitation Act (Rehab Act) prohibits disability discrimination by recipients of federal grants, contracts, and other federal financial assistance. Defendants, including their respective departments, agencies, and other instrumentalities, are recipients of federal funds. 45 C.F.R. § 84.3(f).

49. The Rehab Act provides, in relevant part, that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794.

50. The Rehab Act has been implemented by regulations, providing, *inter alia*, that recipients of federally funded programs and activities shall not, "on the basis of handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program, services or activity which receives Federal financial assistances." 45 C.F.R. § 84.4 (a). Prohibited discrimination includes but is not limited to:

    a.    denying a qualified person with a disability an opportunity to participate in or benefit from an aid, benefit, or service 45 C.F.R. § 84.4 (b)(1)(i).

    b.    affording a qualified person with a disability an opportunity to participate in or benefit from the aid, benefit or services that is not equal to that afforded others. 45 C.F.R. § 84.4 (b)(1)(ii).

    c.    providing a qualified person with a disability with an aid, benefit, or service that is not as effective as that provided to others. 45 C.F.R. § 84.4 (b)(1)(iii).

    d.    perpetuating discrimination or otherwise limiting a qualified disabled person in the enjoyment of any privilege, advantage or opportunity enjoyed by others receiving an aid, benefit, or service. 45 C.F.R. § 84.4 (b)(1)(v)(vii).

    e.    utilizing criteria or methods of administration that: subject qualified persons with disabilities to discrimination on the basis of disability, or

have the purpose or effect of defeating or substantially impairing

accomplishment of the objectives of recipient's program or activity with

respect to persons with I/DD. 45 C.F.R. Part 84; (b)(4).

51. Defendants' actions constitute an ongoing and continuous violation of the Rehab Act and its

supporting regulations and continues to inflict irreparable harm on Plaintiff.

52. The Rehab Act authorizes injunctive relief as appropriate to remedy acts of discrimination

against persons with disabilities. 29 U.S.C. § 794a(a)(2). Plaintiff is entitled to injunctive relief

to prevent continued violation of the Rehab Act.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requested that this Court will:

a.  Declare that Defendants' acts, omissions, and practices of excluding persons with

intellectual and developmental disabilities (I/DD) from eligibility under Phase 1B

of Defendants' vaccination programs and services constitutes disability

discrimination prohibited by the Americans with Disabilities Act and Section 504

of the Rehabilitation Act of 1973, as amended;

b.  Immediately, temporarily, and permanently restrain Defendants, its officers,

agents, employees, subordinates, successors in office, and all those acting in

concert or participation with Defendants from excluding people with I/DD from

being eligible within Phase 1B of the vaccination Plan;

c.  Immediately, temporarily, and permanently enjoin Defendants to make

announcements on their public information and websites that people with I/DD

are eligible for vaccines in Phase 1B and are invited to register, pre-register, and

fill out interest forms, where such forms exist for all eligible people in Phase 1B, or to otherwise contact Defendants' Health Department to indicate their availability for a vaccine appointment and as eligible as part of Phase 1B.

d.      Immediately, temporarily, and permanently enjoin Defendants to designate a contact person and post the contact person's phone number and e-mail conspicuously on Defendants' websites identifying that contact persons are available so that persons with intellectual or developmental disabilities may receive assistance in understanding their opportunities to access the vaccine;

e.      Immediately, temporarily, and permanently enjoin Defendants to instruct employees, contractors, or volunteers in their County and City Health Departments that persons with I/DD are eligible for vaccination by virtue of their priority Phase 1B status and that corrective action is being taken to ensure that individuals with I/DD receive the benefits of Defendants' vaccine programs and services to which they are entitled.

f.      Waive the requirement for the posting of bond as security for the entry of preliminary relief.

g.      Grant Plaintiff's reasonable attorneys' fees, litigation expenses, and costs.

h.      Order such other relief as the Court may deem just and proper.

Dated: This 8th day of March 2021.

Respectfully submitted,

/s/     Lauren Young
_____

Lauren Young (Fed. Bar No. 14364)
Casey Shea (Fed Bar No. 21226);
Megan Rusciano (admission pending);
Gabriel Rubinstein (admission pending)
Disability Rights Maryland
1500 Union Ave., Suite 2000
Baltimore, Maryland 21211
Tel 410-727-6352 x2498
Fax 410-727-6389
laureny@disabilityrightsmd.org

/s/ Brian S. Brown
_____

Brian S. Brown (Fed. Bar No. 05413)
Brown & Barron, LLC
7 St. Paul Street, Suite 800
Baltimore, MD 21202
410-547-0202
bbrown@brownbarron.com

/s/ Shira Wakschlag
_____

Shira Wakschlag (*pro hac vice pending*)
The Arc of the United States
1825 K Street NW, Suite 1200
Washington, D.C. 20006
202.534.3708/800.433.5255
Wakschlag@TheArc.org

*Attorneys for Plaintiff*